UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| MOLLY NOGA,<br>c/o Stokar Law, LLC<br>9200 Montgomery Road<br>Building E – Unit 18B<br>Cincinnati, Ohio  45242<br><br>           **Plaintiff,**<br><br>      vs.<br><br>THE CHEESCAKE FACTORY<br>RESTAURANTS, INC.<br>7612 Blake Street<br>Liberty Township, OH  45069<br><br>           **Defendant.** | CASE NO:<br><br>JUDGE:<br><br><br><br><br><br><br><br>**VERIFIED COMPLAINT**<br><br>**(WITH JURY DEMAND)** |

Plaintiff Molly Noga, for her Complaint against defendant The Cheesecake Family Restaurants, Inc., states as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff is a former employee of defendant who worked at defendant's Liberty Township, Ohio location as a server (waitress).

2. During her employment, plaintiff was sexually harassed by other employees and subjected to a hostile work environment.  Despite plaintiff advising defendant's management of the harassment, defendant did not act to stop or prevent further harassment.  Plaintiff's working conditions became so intolerable that plaintiff felt compelled to resign and was constructively discharged.

3. Additionally, defendant did not timely provide plaintiff with records it is required to maintain under the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.01 *et seq.* and the Ohio Constitution Art. II, § 34a.

4. Defendant's conduct violated Title VII, 42 U.S.C. § 2000e *et seq.* and OMFWSA, R.C. 4111.01 *et seq.* Plaintiff seeks redress, declaratory and injunctive relief, compensatory and punitive damages, and reasonable attorney's fees and costs.

## II. JURISDICTION AND VENUE

5. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e, *et seq.* Federal jurisdiction is invoked to secure protection of and to redress deprivations of rights under the statutes of the United States, specifically including Title VII, 42 U.S.C. § 2000e, *et seq*.

6. Plaintiff seeks an exercise of this Court's supplemental jurisdiction as to the Ohio State law claim under 28 U.S.C § 1367.

7. Plaintiff is a citizen of the State of Ohio.

8. Defendant is a foreign corporation doing business within the Southern District of Ohio.

9. The acts and/or omissions complied of herein were committed and had a principal effect, as described more fully below, within the Southern District of Ohio, Western Division.

10. This Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367, because the state law claims are so related to the federal claims over which the Court has jurisdiction that they form part of the same case or controversy.

11. Venue is appropriate because the actions complained of by the plaintiff occurred within the Southern District of Ohio, Western Division.

### III. PARTIES

12. Plaintiff Molly Noga is a citizen of the United States who resides in the City of Hamilton in Butler County, Ohio. Plaintiff was an employee of defendant from in or about August 2021 until in or about June 2023.

13. Defendant Cheesecake Factory Restaurants, Inc. is a for-profit corporation organized under the laws of the State of California and authorized to do business in Ohio. Its principal office is located at 26901 Malibu Hills Road, Calabasas Hills, California. Defendant does business at 7612 Blake Street, Liberty Township, Ohio, within this judicial district.

14. Defendant is an industry that affects commerce within the meaning of 42 U.S.C. § 2000e.

15. Defendant is an employer within the meaning of 42 U.S.C. § 2000e(b) and 29 U.S.C. 203(d).

16. Plaintiff was an employee of defendant under 42 U.S.C. 2000e(f) and 29 U.S.C. 203(e).

17. The Title VII violations took place within Butler County, Ohio which is within this judicial district.

### IV. PROCEDURAL REQUIREMENTS

18. On September 8, 2023, plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), asserting that defendant had unlawfully discriminated against her on the basis of her sex and engaged in sexual harassment. The EEOC charge is attached as Exhibit A.

19. The above charge of discrimination was filed within three hundred (300) days of the alleged unlawful activity.

20. On February 2, 2024, plaintiff requested a Notice of Right to Sue letter from the EEOC. A copy of the Notice of Right to Sue letter is attached as Exhibit B.

## V. STATEMENT OF FACTS

21. From in or about August 2021 until in or about June 2023, plaintiff was employed by defendant at its Liberty Township location as a server. As a server, plaintiff was required to interact with kitchen staff.

22. At all relevant times, plaintiff met defendant's legitimate performance expectations.

23. During plaintiff's employment, she was sexually harassed on multiple occasions and subjected to a hostile work environment.

24. Defendant's kitchen manager, Luis, made sexually suggestive comments to plaintiff, propositioned her for sexual activities, and touched her body without consent.

25. Plaintiff repeatedly rejected Luis' advances, telling him that she had no romantic feelings for him.

26. Plaintiff complained to various managers at defendant about Luis' conduct.

27. Management did not protect plaintiff from Luis, did not assign Luis duties away from her, did not terminate Luis, nor take any other action to protect plaintiff from Luis' sexual harassment.

28. Defendant's kitchen employee, Axel, also made sexually suggestive comments, propositioned her to engage in intimate activities and touched her body without consent.

29. Plaintiff rejected Axel's advances, telling him that she was not interested in engaging in intimate or sexual activities with him.

30. Plaintiff complained to multiple managers, including General Manager Dave Carbaugh about Axel's conduct.

31. The complaints about Axel's conduct included a written statement given to the General Manager, Mr. Carbaugh.

32. Approximately one week after giving the written statement to Mr. Carbaugh, plaintiff followed up on her written complaint.

33. During the conversation about the written complaint, Mr. Carbaugh admitted he had not taken any remedial action towards Axel or otherwise taken any steps to protect plaintiff.

34. Management did not protect plaintiff from Axel, did not assign Axel duties away from her, did not terminate Axel, nor take any other action to protect plaintiff from Axel's sexual harassment.

35. The sexual harassment plaintiff suffered from Luis and Axel was so severe and pervasive that it altered the terms and conditions of her employment and created an abusive work environment.

36. In or about June 2023, plaintiff resigned from her employment with defendant due to the severe and pervasive sexual harassment by Luis and Axel and the resulting hostile work environment.

37. On September 8, 2023, a letter was sent to defendant giving notice that plaintiff had retained legal representation and was requesting a complete copy of the records that defendant is legally required to maintain for employees relating specifically to Ohio Constitution Article II, Section 34(a), R.C. 4111.08, and R.C. 4111.10. A true and correct copy of the September 8, 2023 letter is attached as Exhibit C.

38. Defendant received Exhibit C on September 21, 2023 at 12:29 p.m. A true and correct copy of the signed receipt card and USPS Tracking Details are attached as Exhibits D and E, respectively.

39. Pursuant to R.C. 4111.14(G)(3), defendant was required to provide the information requested in Exhibit C within "thirty business days after the date the employer receives the request," by November 2, 2023.

40. Defendant neither requested nor claimed any of the exceptions under R.C. 4111.14(G)(3) as to not being able to provide the requested information within the thirty business days.

41. Defendant did not produce the records until on or about December 29, 2023, well past the lawful time by which defendant was required to respond.

## VI. STATEMENT OF THE CLAIMS

### Count One
### Title VII, 42 U.S.C. § 2000e-2(a)(1)
### Hostile Work Environment

42. Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

43. Plaintiff is a member of a protected class on the basis of sex, female.

44. Defendant discriminated against plaintiff as described above, including but not limited to harassing her and subjecting her to a hostile work environment.

45. Defendant's actions were willful and in reckless disregard of plaintiff's rights under Title VII.

46. As a direct and proximate result of defendant's unlawful acts, plaintiff has been injured, including emotional distress, and is entitled to recovery under Title VII.

**Count Two**
**Title VII, 42 U.S.C. § 2000e-2(a)(1)**
**Constructive Discharge**

47.     Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

48.     Plaintiff suffered sexual harassment resulting in a hostile work environment so intolerable that she was compelled to resign from her employment with defendant.

49.     Plaintiff's decision to resign was reasonable under the circumstances.

50.     Defendant's actions were willful and in reckless disregard of plaintiff's rights under Title VII.

51.     By constructively discharging plaintiff, defendant intentionally, willfully discriminated against plaintiff in violation of 42 U.S.C. § 2000e-2(a)(1).

52.     As a direct and proximate result of defendant's unlawful employment practices, plaintiff has been injured, including emotional distress, loss of income, and loss of career at defendant, and is entitled to compensation for damages caused by defendant.

**Count Three**
**Failure to Provide Payroll Records**
**R.C. 4111.14(G)**

53.     Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

54.     At all relevant times, plaintiff was an employee of defendant, acting within the scope of her employment.

55.     R.C. 4111.14(G) requires an employer to provide information in accordance with Article II, Section 34(a) of the Ohio Constitution, without charge to an employee or person acting on behalf of an employee upon request.

56. Subsection R.C. 4111.14(G)(3) requires that an employer provide the requested information within thirty (30) business days after the date the employer receives the request, unless (a) the employer and employee or person acting on behalf of the employee agree on an alternative time period or (b) the thirty-day period would cause a hardship on the employer.

57. Plaintiff's counsel sent a records request on behalf of plaintiff to defendant on September 8, 2023. Defendant received it on September 21, 2023.

58. Defendant was required to produce the records within thirty (30) business days, by November 2, 2023. Defendant did not produce the records by November 2, 2023.

59. Defendant neither requested nor claimed any of the exceptions under R.C. 4111.14(G)(3) as to not being able to provide the requested information within the thirty business days.

60. Defendant produced the records almost two months late, on or about December 29, 2023.

61. As a direct and proximate result of the defendant's conduct, plaintiff has suffered damages.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff demands judgment against defendant as follows:

1. Judgment against defendant for violating Title VII and the Ohio Minimum Fair Wage Standards Act;

2. An Order declaring that defendant's violations of the Title VII and Ohio Minimum Fair Wage Standards Act were willful;

3. An award of compensatory damages, including but not limited to lost wages and benefits, in such amount as will reasonably compensate her for her losses, and damages for emotional distress;

4. An award of punitive damages;

5. An award of plaintiff's reasonable attorney's fees and costs; and

6. All such other relief as the Court deems appropriate under the premises.

Respectfully submitted,

**STOKAR LAW, LLC**

*/s/ Robb S. Stokar*
Robb S. Stokar (OH-0091330)
9200 Montgomery Road
Building E – Unit 18B
Cincinnati, Ohio 45242Tel:
Tel: 513-500-8511
rss@stokarlaw.com
*Counsel for Plaintiff*

**JURY DEMAND**
Plaintiff demands a trial by jury as to all issues so triable in this matter.

*/s/ Robb S. Stokar*
Robb S. Stokar (OH-0091330)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| **MOLLY NOGA,** | : | CASE NO: |
| | : | |
| **Plaintiff,** | : | JUDGE: |
| | : | |
| vs. | : | |
| | : | |
| **THE CHEESCAKE FACTORY** | : | |
| **RESTAURANTS, INC.** | : | **AFFIDAVIT OF MOLLY NOGA** |
| | : | |
| **Defendant.** | : | |
| | : | |

STATE OF OHIO        )
                     ) SS:
COUNTY OF HAMILTON   )

Molly Noga, having been first duly sworn under oath, hereby states the following:

1. My name is Molly Noga. I am an adult female citizen of the United States and current reside in Butler County, Ohio.

2. I am over the age of 18 and am competent to testify as to all matters described herein.

3. I have read the foregoing Verified Complaint.

4. I am well acquainted with the facts as set forth in the Verified Complaint and the facts stated therein are true to the best of my personal knowledge.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Molly Noga

The foregoing instrument was sworn, subscribed to, and acknowledged before me in my presence this _21_ day of March 2024

_____
Notary Public

My Commission Expires: _Does Not Expire_

Robb Sneiderman Stokar, Attorney At Law
NOTARY PUBLIC - STATE OF OHIO
My commission has no expiration date
Sec. 147.03 R.C.

10